IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, Plaintiff, v. GEORGE E. KLINE, ERICH A. KLINE, AND ERICH KLINE, Defendant. | CIVIL ACTION FILE NO. 02-817 DSD/SRN |

## CONSENT OF DEFENDANT ERICH A. KLINE

1. Defendant Erich A. Kline (i) waives service of the Complaint and enters a general appearance; (ii) consents to the Court's jurisdiction over Defendant and the subject matter of this action; (iii) without admitting or denying the allegations of the Complaint, except as to jurisdiction, which is admitted, consents to entry of the Judgment as to Erich A. Kline, which is attached hereto, incorporated herein and submitted with this Consent; (iv) waives findings of fact and conclusions of law; (v) agrees that the Judgment may be presented and entered without further notice; (vi) waives notice of entry and service of the Judgment; (vii) waives any right to appeal from the Judgment; (viii) acknowledges that this Consent and the Judgment embody the entire agreement resolving this action; (ix) waives any right to oppose enforcement of the Judgment on the ground that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure; (x) acknowledges that this consent shall be incorporated by reference into the Judgment; (xi)

FILED 4-30-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 4-30-02
DEPUTY CLERK

acknowledges that the terms of the Judgment are enforceable through contempt proceedings and that in any such proceeding he may not contest the validity of this Consent or the Judgment; and (xii) acknowledges that this Consent and the Judgment do not bind any agency of government other than Plaintiff Securities and Exchange Commission.

2. Defendant Erich A. Kline further acknowledges and agrees that this proceeding and his Consent are for the purposes of resolving this proceeding only, in conformity with the provisions of 17 CFR §202.5(f), and do not resolve, affect, or preclude any other proceeding which may be brought against him. Consistent with the provisions of 17 CFR §202.5(f), Defendant Erich A. Kline waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant Erich A. Kline acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

3. Defendant Erich A. Kline (i) understands the SEC's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint," 17 CFR '202.5(e); (ii) agrees not to make or permit any public statement directly or indirectly denying the allegations of the

Complaint or creating the impression that the Judgment is without factual basis; and (iii) agrees that if Defendant breaches this agreement, the SEC may move the Court to vacate the Judgment and restore this action to its active docket. Nothing in this provision affects Defendant's right to take legal or factual positions in litigation in which the SEC is not a party, or Defendant's testimonial obligations in any matter.

__________________________
Erich A. Kline

On Dec 11, 2001, Erich A. Kline, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

__________________________
Notary Public
Commission expires: 1/31/05

CAROLYN K. FRIEDBERG
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2005

Approved as to form:

__________________________
Joseph S. Friedberg, Esq.
Attorney for Defendant

**REQUEST FOR ENTRY**

Plaintiff Securities and Exchange Commission respectfully requests entry of the Judgment as to Erich A. Kline submitted with this Consent.

Amy G. Lum
Charles J. Kerstetter
Attorney for Plaintiff SEC
Securities and Exchange Commission
500 W. Madison St., Suite 1400
Chicago, IL 60661
312.353.7390 (phone) / 312.353.7398 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, Plaintiff, | : | CIVIL ACTION FILE NO. |
| v. | : | |
| GEORGE E. KLINE, ERICH A. KLINE, AND CHRISTIAN T. KLINE, Defendants. | : | |

# JUDGMENT AS TO DEFENDANT ERICH A. KLINE

Defendant Erich A. Kline ("Defendant") having (i) entered a general appearance; (ii) consented to the Court's jurisdiction over Defendant and the subject matter of this action; (iii) without admitting or denying the allegations of the Complaint, except as to jurisdiction, which is admitted, consented to entry of this Judgment without further notice; (iv) waived findings of fact and conclusions of law; and (v) waived any right to appeal from this Judgment, it is now

**ORDERED, ADJUDGED AND DECREED** that Defendant, and Defendant's officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment, are permanently restrained and enjoined from: violating Sections 10(b), Section 16(a) and Section 16(c) of the Securities Exchange Act of 1934 (15 U.S.C. §78j(b)(15 U.S.C. §78p(a)(15 U.S.C. §78p(c), and Rules 10b-5 and 16a-3 thereunder (17 C.F.R. §240.10b-5)(17 C.F.R.

§240.16a-3), directly or indirectly, as principals or aiders and abettors, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, (1) employing any device, scheme or artifice to defraud, (2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, (3) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, (4) failing to file required forms with the Commission indicating direct and indirect ownership of equity securities of an issuer while serving as a director of the issuer, (5) selling equity security of an issuer while serving a director of the issuer and not owning the security sold -- that is, engaging in a short sale of the issuer's stock; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes.

Dated: April 30, 2002

UNITED STATES DISTRICT JUDGE